UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARCIA,<br>Plaintiff,<br>v.<br>SACRAMENTO POLICE DEPARTMENT,<br>Defendant. | No. 2:26-cv-02422-DC-SCR<br><br><u>ORDER</u> |

Plaintiff Michael Garcia is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a motion to proceed in forma pauperis ("IFP") which provides information as to income, assets, and expenses and avers that he is unable to pay the costs of this proceeding. ECF No. 2. The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I. SCREENING

A. <u>Legal Standard</u>

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff's complaint names one Defendant, the Sacramento Police Department. ECF No. 1 at 2. Plaintiff states he is bringing his claim under § 1983 and alleges violation of the 1st, 4th, 5th, 6th, 7th, 9th, 13th, and 14th Amendments. *Id*. at 4. The entire factual recitation of Plaintiff's complaint is that "Sacramento Police failed, denied, and refused to investigate the 2 attempts on my life." *Id.* at 5. Plaintiff alleges this occurred in October 2024. *Id*. Plaintiff states his injury is "PTSD violations of self" and seeks $500 million in damages. *Id*. at 6.

C. Analysis

The complaint fails to state a claim or to put Defendant adequately on notice of the claims against it. The allegations are conclusory. There is no description of the facts at issue, just the conclusion that Defendant "failed, denied, and refused to investigate." The causes of action are not properly pled. Rather, Plaintiff just lists several provisions of the Constitution without explaining how his rights were violated or what rights were at issue. A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff is asserting a claim under § 1983, he must describe the constitutional or federal statutory right allegedly infringed. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v.*

*Connor*, 490 U.S. 386, 393–94 (1989). The elements of a claim under § 1983 are: 1) that the defendants were acting under color of state law; and 2) that defendants deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021).

Additionally, Plaintiff has named the Sacramento Police Department as the Defendant. "City or county governments, including departments within them such as the Sacramento Police Department, cannot be held liable under section 1983 for the acts of an employee." *Scarbrough v. Box*, No. 2:25-cv-2419-WBS-AC, 2026 WL 383333 at * 3 (E.D. Cal. Feb. 11, 2026), citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). A government entity, such as the police department, "may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). Plaintiff has not alleged a policy, custom, or practice of the police department, or that such custom, policy, or practice was the moving force behind the alleged constitutional violation.

Finally, as best as can be understood from Plaintiff's minimal allegations, he complains of the Defendant's conduct of an investigation into an alleged crime against him. However, generally "police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty or property." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994). Thus, a plaintiff generally does not have a constitutional right to have the police investigate his complaints against another party. *See Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 768 (2005) ("[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations."). Plaintiff has not alleged in what way the refusal to investigate infringed his constitutional rights.

The Court concludes the complaint fails to state a claim and fails to comply with Rule 8 in that it does not put Defendant adequately on notice of the claims against it. Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief

may be granted or seeks monetary relief from a defendant who is immune from such relief. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff has not alleged sufficient factual content to state a claim. However, given the vagueness and brevity of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action.

II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc*., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein. Plaintiff must describe his Constitutional or statutory rights that were allegedly violated. Plaintiff must alleged

the custom, policy, or practice at issue in support of his claim against Defendant. Merely referencing a Constitutional amendment, such as "4th amendment", as Plaintiff did in the original complaint is not sufficient to state a claim. Plaintiff must allege enough facts in support of his claims to state a claim to relief that is plausible on its face.

## III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: July 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE